first matter for our argument this morning is Corey Miller v. Roy L. Hendricks et al.  Good morning. May it please the Court, Mary Gibbons for Corey Miller. Your Honor, I respectfully request five minutes of rebuttal time if that's acceptable. Granted. Thank you. Initially, let me start by saying that what is not alleged in this case is any personal animosity by Judge Martini towards Mr. Miller. What is alleged here is only that Judge Martini's position initially as a member of the House of Representatives and his comments regarding this specific case in the House of Representatives in the 2254 proceeding involving Mr. Miller. All of which is to say that what we are ultimately going to be applying with respect to all three subsections is an objective test? Well, certainly as to 455A, we're applying an objective test. That's the, I think, somewhat mischaracterized catch-all provision. That actually is the provision that looks towards the perception of impartiality. As to B1 and B3, there are, those two are casting mandatory terms in regard to any exact knowledge possessed by the judge or a bias and prejudice as well. But certainly in this case, we're emphasizing the issue of knowledge and particularly extrajudicial knowledge. Is there any indication at the time Judge Martini made the determination, he was aware that he had seven or eight years ago made this statement on the floor of the House of Representatives? Is there any indication that he knew he had done that? Yes, in the record, we're only bound by the record here. Is there anything that indicates that he knew or that he didn't know, that he, a number of years previously, made a statement concerning this matter? There's no indication in the record either way, that he knew or that he did not know. This is not a situation as was presented in Liljeburg, the Supreme Court case where the judge served as the trustee of the hospital and actually didn't know that some proceedings had happened on the Board of Trustees meeting and then came to that knowledge and eventually revealed it. So what are we to presume, that he knew or that he didn't know? Well, if there is... Excuse me, just so I understand the question. Know that he made the statement or know that there was a connection between his statement and this? That's a good addendum. That he knew that eight years ago he had made a statement concerning the petitioner's involvement. Well, I think that in the ordinary course, one would have to, if there's going to be a presumption, one would have to presume that one remembers one's actions. I don't remember what I did last week, really. And not because of Alzheimer's, it's because of... You know, that's a dangerous thing to start saying. Eight years ago, I can't begin to tell you what I did. Well, we do presume knowledge in many areas. However, here what you have is not what I hate to characterize as a garden variety crime. This is a crime that was... It's also not a garden variety statement. And that was one of my two reasons for asking for a clarification of Judge Cowan's question. Because the nature of some statements, and I'm curious to know what the record reveals about this one, made by members of Congress is that a certain fiction prevails with respect to most of them that are published in the congressional record. That is to say, they never in fact have been delivered on the floor as statements or speeches. The delivery has been at one point a manual delivery, now an electronic one to the congressional record. Is there anything in this record that clarifies whether this was an oral statement or speech given by then-Congressman Martini, or whether it was something simply transmitted to and then published in the congressional record? The only evidence we have is the statement that was submitted in the appendix that is the written transcription of it. It does indicate the date, and it does indicate in the statement itself. This is not something in the nature of just a generic statement. It reads as if it's a transcript. Mr. Martini, Mr. Speaker, I rise today to address the House of Representatives. Practically all of the statements that I'm referring to that appear in the congressional record but that have never been delivered under the rules are permitted to read that way. That's still no indication that they in fact have been delivered. But let me ask you something more about the statement itself, not simply about whether or not it was delivered personally on the floor by then-Congressman Martini. But the statement itself, one, does not indicate in any way the identity of the petitioner here, Mr. Miller, correct? That's correct. In fact, it betrays a certain lack of knowledge of the fact that there had in fact been arrests made of individuals implicated in this crime several days before the statement was even published and or delivered, correct? That's true. However, while it does not identify Mr. Miller by name, it certainly identifies Ms. Villalba by name, and the case gained its notoriety not because of Mr. Miller or anything about him personally, but about Ms. Villalba and about her specific characteristics and the specifics of the crime. The additional point that I think it's important to note in regard to the statement not only is it almost a eulogy to Ms. Villalba, it does indicate in one place a particular familiarity with the circumstances of the crime that were involved in the issues before now Judge Martini, and that is in the second full paragraph where it says she was attacked by unknown assailants who had approached her car and demanded money. When they told her that they didn't have any money, one of the men fired shots through the driver's side window. She was struck by the barrage of bullets. Her best friend and community were left in tears. So there seems to be a very detailed familiarity with, if nothing else, the very specifics of how her death came about. Perhaps even more telling from your position is not only that the crime is described in some detail, not generic anti-crime speech, but that the crime itself was, I'm from New Jersey myself, it was widely published in North Jersey Patterson area papers, and it was quite a thing. I do too as well, Your Honor. And as I pointed out in the material that I submitted regarding the subsequent coverage, it continues to be publicized in a way that sadly most crimes are not. There are annual tributes to this victim. She's identified by name. Her mother appeared, I think the Mothers Against Violence or Million Mile March would carry her picture. So this has been a crime that has stayed very much in the public view, if not statewide, certainly within the area of northern New Jersey. Does that make any difference under subsection B? Or is that merely a subsection A attribute for your position? Well, it certainly goes most directly to subsection A, which focuses on the reasonable person's view of impartiality. But to the extent that B1 and B3 are specific examples of the types of conduct, behaviors, I don't want to make it sound pejorative in any way, that give rise to this problem of perception of the judiciary as lacking in fairness, or this particular judge as lacking in fairness. Those are specific examples that Congress has set out, and one of those happens to be the government employee and the expression of opinion by a government employee. Let me stop you right there. Because while we're on B, I'd like to look at B1 and just for clarification ask you, what proceeding is contemplated here for purposes of the B1 grounds? B1 talks about mandatory disqualification where he has a personal bias or prejudice concerning a part of your personal knowledge of disputed evidentiary facts concerning the proceeding. Is the relevant knowledge for this provision knowledge regarding the claims that are raised in the habeas petition, or does it go beyond that and encompass all of the phases of the trial and any kind of post-conviction review? My interpretation of the proceeding language would mean the proceeding that the judicial officer is presiding over such that he or she has some personal knowledge of disputed facts or bias or prejudice. It would be the proceeding, whether it's a habeas proceeding, whether it's any other kind of proceeding that might be before a judicial officer. What about B3's particular case in controversy language? What is the particular case in controversy that you focus on for purposes of your position here? Is it simply the habeas petition? I would say that it would generally be the criminal conviction of Mr. Miller. The habeas proceeding, although it's obviously a separate proceeding and it's in federal court, is part and parcel of the review process that the Constitution mandates for a state criminal conviction or affords for a state criminal conviction. Yeah, but the habeas proceeding is really not part of the criminal case. As a matter of fact, it's not even a criminal case. It's a civil case. That's correct. So why should there be a connection between the habeas case and something someone said about a criminal case? They're different sides of the court. They're different sides of the court, but it's the same case that's seeing both sides of the court and both courts, the state court, the federal court. The particular case in controversy still to this day remains Mr. Miller's conviction and whether or not that conviction satisfied constitutional requirements. We're not talking about some other case involving Mr. Miller. We're talking about the very same case. Well, are we talking about the very same case for the reasons that Judge Cowen's question suggests? And if we are not, can we really say, again for purposes of the language of B3, that the statement here constitutes a, quote, opinion concerning the merits? The merits of what? The habeas or the underlying criminal prosecution? Well, to the extent that the habeas addresses the merits of the underlying criminal prosecution, I think that we are looking at an evolution of the same case because the issues that were before a court initially in the criminal case Those issues in the habeas are going to be whether or not the state court made some kind of error of constitutional dimension. You have federal constitutional dimension. That's correct. And nevertheless, the federal judge, the district judge who's looking at that is going to be analyzing the very case in controversy that was before the state court. In that interpretation, excuse me. Not really. We do a lot of habeas. Yes. With every state conviction, there's a federal habeas case. Yes. The rate we're going here. And in a habeas review, you're merely trying, the defendant petitioner may be guilty as hell. Everyone might admit it, and you're just saying that he's guilty, but it was a violation of his constitutional rights. Absolutely. Therefore, we're going to set it aside. Absolutely. And so it's really not speaking to the merits of the underlying case. You're really speaking to whether or not, as Judge Smith indicated, whether or not it was a constitutional conviction. So should it make a difference to the public? Does it make a difference? A, it would be the public perception of whether he's sitting on a direct appeal or trying the case himself, or merely reviewing it on a 2255. I think we can all agree that not only most lawyers, but certainly the public, do not have an understanding of the finer points of habeas law, particularly under ADEPA. I think that that's a distinction that is completely lost on the public. It could also include judges at that point. I'd have to make that addition as well, but I wanted to speak only for myself. I very carefully did not do that. That's diplomatic of you. So in terms of public perception, I think that's absolutely a non-issue. In terms of parsing the language of three, I think unless you're speaking about the merits in the most restrictive way possible as being a factual issue involved in the case, that I think that the merits of the case has a generalized meaning that what Mr. Miller is saying is my conviction for this crime should not stand, and that's the merits of the case. Regardless of whether we give it a civil caption number or a criminal caption number, regardless of the limitation of issues, regardless of how we look at it through a fine legal lens, it's still the case in controversy. Ms. Gibbons, your time is up and you have reserved five minutes for rebuttal, so I think we'll have you back. Thank you very much, Your Honor. Thank you. Ms. Tully. Good morning, Your Honors. May it please the Court, I'm Laura Tully, Deputy Attorney General, on behalf of Warden Hendrickson, the Attorney General of New Jersey. Ms. Tully, speaking only for myself, this case is not about B-1 or B-2, but A, does interest me here, and isn't it troubling that we do have a matter that, as is supported by the record before us, attained some significant degree of public visibility at the time and in the wake of the crime, and even some beyond, as it was more generalized to the problems of crime and victims? Well, the fact is, Your Honor, that the notoriety of this case almost makes it less likely for, or makes less reason, for Judge Martini to have recused himself. Why Judge Martini contributed to some of the visibility of this case when he was not Judge Martini, but Congressman Martini? Well, that I would dispute. I think Your Honor's point earlier was well taken with respect to the insertion of items in the congressional record by legislative staff as a common occurrence. There's no evidence in the record that Judge Martini ever said anything with respect to this. The fact that it was very well publicized in North Jersey, as Judge Cowan said he remembers the case, but yet there is no basis, of course, to recuse Judge Cowan from ruling on this issue. The fact that it was... Judge Cowan didn't submit a statement to the congressional record either. True, true. And the statement that Judge Martini submitted or spoke to was actually published in either the Patterson News or one of the papers up there, was it not? I am not aware of that. And Judge Martini's district encompasses that area. Judge Martini's district that he served from 1995 to 1997 did encompass Patterson, as he stated. I am not aware that his statement was reprinted in the Patterson News. That's not in the record, Your Honor. I'm sorry. I do want to address 455A. I just would like briefly to point the court to a case that I found that specifically addresses the 455B issue that you were discussing earlier. The case of Russell v. Lane, which is 890 F. Second 947 from the Seventh Circuit. It was an opinion by Judge Posner, which I unfortunately did not find in time to put in my brief. But in that case, the Seventh Circuit specifically said that 455B.3 is not a basis to recuse a district court judge from ruling on a habeas petition when the judge discovered that he had been on the state appellate panel because the habeas petition was not the case in controversy. Or excuse me, the habeas petition is the case in controversy. The state court proceedings were not. So that, I think, would be persuasive to this court. Except that's easily distinguished, of course. Well, in that case, the grounds for recusal were even greater than in this case because the judge in Russell v. Lane was actually on the state appellate panel affirming the defendant's convictions. In this case, we have a judge who was a then-congressman seven years before he descended the bench, made a public statement lamenting the tragic death of a 20-year-old girl who was shot out of Patterson Street Corner. What about the passage of time? You just alluded to it again. What weight should we give to the fact that there is this period of seven to eight years between the offense and the criminal proceedings and the actual habeas ruling that Judge Martini was called upon to make? I think the passage of time weighs in favor of non-recusal. I think that under Section A, the objective standard. With respect only to A, does it implicate either of the other two sections or is it, as I am suggesting, really more relevant consideration for A? I think it would only be a consideration for A. I don't think it has anything to do with whether Judge Martini had personal knowledge of evidentiary facts or what the case of controversy was. We have to view this from the average lay person in the public, correct? I agree, yes. What does the average person in the lay public think when someone who is in a high governmental position makes a statement detailing the actual factual occurrence which resulted from the tragic crime? This is not a general statement about crime. This is about the facts of this crime. And then subsequently sits as a judicial officer ruling on the bona fides of the conviction of the petitioner for the crime which he earlier spoke to as being a real tragic affair and illegal act. What would the average person, not someone law trained, or just the average person, would they consider that somewhat inappropriate? I don't think that they would consider that inappropriate. I don't think that they would believe that that judge eight years later would be impartial. I don't think that anything that Judge Martini said in his statement, whether it was made on the House floor or whether it was inserted by his legislative staff, was objectionable to anyone in the public. Our view is not whether or not they would think it was impartial. We have to look at it from the average person and not only in propriety, but we have to view it from the appearance to the public of in propriety even though there was no in propriety. And on this record I have to assume there was no actual in propriety because there's nothing to indicate he actually knew about this at the time that he ruled on the case. But we look at it as to whether or not there is an in propriety or the average person in the public may view it as inappropriate. The appearance of in propriety. Now what about the average John Doe, Jane Doe out there? What would they think if a judge ruled on something as a judicial officer which he had earlier spoken to adversely concerning the very crime which he then ruled on? I think the average person in the public would think that any judge who reviewed the record in this case would think it was a tragedy. Well, excuse me, stop right there. Is the something that is stated and contemplated by Judge Cowen's question, that is the something spoken to, the something then that is later ruled upon, are they one and the same? No, they're not. The something that has been ruled upon by Judge Martini has nothing to do with what he said in 1995. Why doesn't it? Because what he said was not regarding the tragedy of Cindy Villalba's death was certainly not disputed by the defendant in this matter. If disputed by the defendant that he's guilty of a crime, he claims it was accidental or whatever, and that certainly is not the tenor of the statement made by Judge Martini when he was a congressman. No, that's correct. His statement can be stated in not so many words, but that whoever did this is a criminal. But the fact is Judge Martini was making no determination who did this, and nor did he, nor is your case. But Judge Cowen's question is absolutely correct, isn't it, when it suggests that Judge Martini, then Congressman Martini's statement, was talking about the horrendous nature of this crime. He wasn't talking about an accident, which is what Mr. Miller is contending in effect ultimately happened here, that is that the gun discharged accidentally. He was talking about an intentional killing, wasn't he? I think that it could be characterized either way, because I don't think the congressman was actually saying that it was an intentional killing. I think he was saying that this girl was dead. I can't buy that. He's lamenting whoever did this is a criminal. I think you're barking up the wrong tree when you say that. The speech is definite. Whoever did this is a criminal. I think your best argument is that there's no connection between that and his judicial proceeding. At least that's it for me. I don't know about my colleagues. To that point, you could argue well that, look, this is a habeas proceeding we're reviewing here. This is not a criminal proceeding. What do you have to say about that? Well, that's exactly my point. I'm not going off-counsel to you or anyone else here, as far as I'm concerned, where the paydirt lies for you. Right. Well, the thing is that the facts in this case were not before Judge Martini, whether they were before Congressman Martini's recitation of the facts, which I think were admittedly incorrect. There was no barrage of bullets in this case. It was one bullet that killed her. Remind us what the issues were in the habeas proceeding. The issues in the habeas proceeding were whether there were three ineffective assistance of counsel claims, or excuse me, two, regarding whether the trial counsel told him that he could testify at the suppression hearing, whether the trial counsel failed to argue that his confession should have been suppressed, and whether the jury was charged adequately, all of which, as the state courts and Judge Martini found, had no merit. And there is no basis in this case for a determination that any of the state court decisions on this matter were contrary to a clearly established federal law. There was no basis for the petitioner to be granted habeas relief. Ms. Tully, let me take you back a few minutes to a question I asked you in your answer, because you didn't really answer it at length or with the specificity I was looking for, and that is the effect that the passage of time should have here. I know you stated agreement with the proposition that it should have an effect and that that effect should redound to the benefit of the state's position here, but you really didn't tell us why. What is there simply in the temporal passage of eight years that should somehow dissipate any concern about impartiality that, A, is directed to protecting against here? Well, I think it goes directly to the reasonable person standard, whether there is an appearance of partiality. So to the reasonable person, it would matter that this period of time had transpired. Why would it matter to the reasonable person? Because I think it's a different situation. A reasonable person who understood that... What is there in the human experience that would suggest, because we're dealing with something so broad as reasonableness, that would suggest that while this was of considerable interest to then Congressman Martini, it should not be of interest to him now, or at least in such a way that it would affect his impartiality? Well, I think that people understand that passions, which may have been inflamed at the time of the crime, wane over time. They understand that memory wanes over time. Okay, so we're seven or eight years out now. Suppose we were five or six years out. Would your answer be the same? Yes, it would. Suppose we were three or four years out. Would your answer be the same? Yes, it would. How about if we're one or two years out? Then we might have... I mean, one or two years might be different. We have a very short memory span there. In other words, what yardstick should we use for determining when it passes into ancient news, yesterday's newspaper, so to speak, and in eight years, that's your position, and when do we say it's timely? What standard do we use to measure when that statute of limitations runs? Well, Your Honor, I don't think that there can be a bright-line rule. I think the standard is what would a reasonable person think. I think clearly eight years is sufficient. When you get down to shorter periods of time, that's a different case, but that's not the case before this Court. Well, is it just time, though, Ms. Tully? And, again, that's part of what my earlier questions implied. The reasonableness standard for purposes of disqualification or recusal necessarily contemplates a reasonable person who has knowledge of all the relevant facts, right? Correct. I mean, this isn't just some subjective standard. It's an objective standard that assumes that this person has in his cognitive possession all of the relevant facts. What about the relevant facts that at the time the statement was made, it was made by Congressman Martini, and subsequently, the contact that is had with this case is by Judge Martini. Is there any import or any weight we should give not to the mere passage of time but to the change in responsibilities and interests that Judge Martini now has from when he was a Congressman? I think that could also be a factor, yes. Could? Should? Well, should, really. Congressman Martini making the statement from the House floor as a legislator trying to You're not conceding that he made this from the House floor. No, I'm not. But I would concede that there's no evidence one way or the other. So the fact is it's in the congressional record. Well, whenever he made it, he signed it and authorized it, isn't it? Yes. Does it make a difference that this is habeas and not the underlying criminal offense? This is a petitioner, not a criminal defendant we have before us. Yes, absolutely. Does the reasonable person in the public make a distinction between a habeas matter concerning an underlying crime and the actual criminal proceeding? The average person reading the newspaper make that distinction? Understand it? Well, probably not. Then why should it make a difference? Well, for subsection B, it does. For subsection A, it could. Should those be some of the relevant facts that this reasonable person has within his theoretical possession? Yes. The fact that habeas is not perhaps well known by the layperson does not mean that they should not be within the realm of facts that the person has within the position. Really? Isn't that a pretty fine legal distinction? I think a reasonable person, the fictional reasonable person evaluating this case, if that person were to have all the facts in their possession, would understand exactly what Judge Martini was supposed to be evaluating in this habeas petition. That only went to whether the state court had applied federal law correctly. Let me test that. Suppose this were a criminal habeas petition that he had in district court. Suppose it was the direct appeal eight years later. It happens, unfortunately, on certain matters. Then would you say your position would be the same? Instead of a habeas, it's a criminal matter that he's actually hearing. Well, I guess I'm trying to understand your hypothetical. In other words, transform this from a habeas petition before him to a direct criminal appeal. Okay, so if he was a... Well, if he's an intermediate appellate judge such as this panel, would that have made a difference? Would your position be different? No, it wouldn't. It wouldn't be different? No, it would not be different. So as far as you're concerned, it doesn't make any difference whether it's habeas or a direct criminal appeal? In both instances, your position is that he's not violating subsection A? Yes. Okay, so we don't have to even deal with the... What if it were direct appeal in a criminal matter and one of the issues on appeal were sufficiency of the evidence as to whether or not this was an accidental or intentional act? Well, I think that would be a closer case, but I still don't think that would make any difference. The fact is the evidence... I mean, he had no personal knowledge. There's no evidence in the record of where he got this knowledge. He very well just could have got it from reading the newspaper, as any judge could have done, or as anyone who then could have ascended the bench could have done. Don't make it a closer case than it already is. It's close enough as is, you know what I'm saying? Suppose instead of plain error, this had been objected error, and judge didn't recuse himself on objection. Would it make any difference to you, or would your argument be the same? In other words, there was an objection. Judge, eight years ago you made this statement on the floor. I request that you recuse yourself. Judge says, look, I made that eight years ago. I was a congressman. You know, I'm a judicial officer now. It's a different case. This is a... Well, how about that? Suppose there's an objection made, he denies it. Would your argument be the same today? My argument would be the same today, and it would be actually stronger because we would have more evidence in the record of what the judge actually did. But nevertheless, you would say that it should be affirmed because recusal was not necessary. So it makes no difference to you that this is before plain error rather than objected error. Yeah, correct. Okay, I understand. Thank you. Thank you. Rebuttal. Ms. Gibbons. If I may just address a couple of points that counsel made. Initially, I think that it's a very different situation when a judicial officer has functioned as a judicial officer in the past on the same case, even if it's the state appellate court being reviewed. That's a different role, a different function.  whether we disagree with that authority, it's a different matter, but it's still a different function than what Judge Martini was doing here, which reads terribly close to being a victim's advocate and not a judicial officer of any kind, and that was perfectly appropriate in his role at the time. Ms. Gibbons, I'm sorry to interrupt, but I have a few questions about the standard of review. Before I ask that, a preliminary question. Did Mr. Miller seek a certificate of appealability with respect to the merits of his habeas petition? Yes, he did in this recording here. And that was denied? That's correct. All right. You conceded in your brief that plain error applies. That's correct. And in order to win on the plain error standard, you have to show prejudice. You need to show that the error substantially affected your client's rights. That's correct. And is it not res judicata? Based upon the denial of the certificate of appealability, that no reasonable jurist could find that your client could win on the merits, and if so, doesn't that foreclose you from prevailing under the plain error standard? I think that that argument has a circularity to it because what the issues are in terms of seeking the certificate of appealability as to the merits go right back to Judge Martini's opinion. This court certified the appealability on the recusal disqualification issue only. If this court were to determine that a different judicial officer should handle the matter, then we would have a different opinion, a different outcome, possibly a different result in the district court, and the issues presented on the certificate of appealability would be different before this court, before the district court. So what you're doing is you're taking what I kind of hesitate to say, but is a tainted opinion and saying, well, you couldn't go any further with this tainted opinion, so therefore the fact that it's tainted doesn't matter. But there's no evidence of taint. You're asking us to assume taint. You're asking us to assume that Judge Martini remembered what Congressman Martini put in the congressional record or said in the congressional record. This court has already said that reasonable jurists could not find that your client wins on the merits, and it seems to me that the standard of review here, and perhaps even worse, even if we found plain error, right, Selkridge says that it must seriously affect the fairness, integrity, or public reputation of judicial proceedings. Where in the record does it show that Judge Martini did anything that would affect the fairness of the proceedings? I don't see anything in the record other than this assumption that you're asking us to make. Well, certainly as to the public perception of the proceedings, I think that that's certainly our strongest argument. But in terms of looking at the resolution of the habeas issues in the district court, what we're saying is that those issues were resolved by a judicial officer who possessed mandatory disqualification factors in his background, whether he knew it at the time or not. But see, part of my trouble with this case is if it had gone on direct appeal, or your client had raised it with Judge Martini, we would have a record to review. Judge Martini would be able to illuminate to this court what he remembered, what he didn't remember, whether he said it, whether he read it, whether a staffer wrote it. He would be able to give us some indication of his knowledge about the incident and Mr. Miller, or lack thereof. By virtue of not having raised it on direct appeal, and by virtue of having brought it in a habeas petition, you're asking all of those assumptions to go in your client's favor. If those issues, I guess what I'm saying not so artfully is, if the issue had been joined before Judge Martini, Judge Martini could have very well made a record and said, here's what I said, here's what I remember, and here's what I don't remember. We would review that for abuse of discretion, and we could have well concluded, well, under 455A, your impartiality would not have reasonably been questioned. Now, you haven't even given him an opportunity to do all that, and you're asking us to assume plain error that substantially affects your client's rights when this court has already said that jurors of reason could not find that your client was entitled to relief on the merits. But just a couple of points, if I may. First of all, my client didn't discover this until the very end of the proceedings. This is something that's not within his— And when he did, he actually opted to do nothing, didn't he, by his own admission, his own written admission. He failed to file it before the district court and sought relief from this court. That was his choice. As to the lack, which he is— Why should we countenance that kind of end run around a judicial officer? Shouldn't we allow district judges to have the opportunity to make a record in the first instance on issues like this? Well, certainly this court can give Judge Martini that opportunity by remanding it for a hearing as to 1 and 3. I think as to A, I don't think that that's an issue that the district judge necessarily would be speaking to because what we've been discussing is the general perception of the public to this kind of a rather unusual situation and how it's perceived by the public. I think that as to the circumstances of the statement being in the congressional record, where he obtained the knowledge about the supposed barrage of bullets, which wasn't accurate, how he knew that the shot had been fired after the girl said they had no money, all of those details are something that Judge Martini could tell us about. But what this court is empowered to decide is how does all this situation perceived by the public? And that's something that I think is more within this court's view, even on plain error review. Certainly Judge Martini could comment on that, but I think that that's an issue that were he to decide that it was irrelevant to the public, I... But we've already decided, though, that his constitutional claim was not debatable. How do we get around that? This court has held his constitutional claims of error in his civil habeas case are not debatable. Why doesn't that, unfortunately for your client, slam the door shut on the prejudice aspect of plain error review? Because what you have reviewed, you meaning this court has reviewed, is a tainted opinion. An opinion that resolved the matter, decided on, written by a judicial officer who failed the statutory test for disqualification. The COA is issued based on the opinion that supposedly should have been disqualified judicial officer wrote. So it's building in a layer of logic that doesn't work. You're saying a flawed opinion didn't go any further. I think that's where agreeing to disagree is. I think this court has said it's not flawed. This court has looked at the merits of that opinion and said it's not a flawed opinion. Reasonable jurists could not debate that there was no constitutional violation here. So much so that we're not even going to give you a crack at appellate review on it. However... And if you could point to something that he wrote in the opinion, if he had made a finding of fact, if there was something in the opinion that he could have slid something into the record or made a finding of fact or done something underhanded that would have poisoned the record, then I think I would certainly agree with you. But this is just a legal review. Well, in my view, two of the issues, and I believe this was asked of opposing counsel, two of the issues that he did raise in his petition had to do with the instruction of the jury with regard to intent and whether or not the discharge of the gun was accidental. In terms of the jury instructions that were given years ago at the state trial, the handling of the intent issue, those are actually two of the issues before Judge Martini that just dovetail right into the nature of the comments that he made in his congressional record statement. So an opinion where he says, you know, there's no basis for questioning the state's jury instructions, you may have a fundamental due process issue here, which is properly in habeas, which really isn't analyzed or addressed at all in his opinion. The issue regarding whether or not there was a deprivation by virtue of the instruction of the jury, a due process deprivation by virtue of the instruction, that's an issue that he spoke to back in 1995. Ms. Kidder, isn't your position more succinctly that the failure of this court to give a COA on the merits of the case merely means that we are not in a position, hearing the case,  in other words, we can't speak to the merits of the case. The only thing we can speak to is the 455. And the fact that a COA was not granted on the merits means that that's not before us and it's not to be adjudicated. I think that's an absolutely correct statement of the position, yes. So, for instance, we could, if a COA was granted on the merits, we could say, yes, there was a cloud. I wouldn't say attained a cloud on the opinion. We have reviewed the merits of the matter and we say we adjudicate that even though there was a cloud over the opinion, it is nevertheless affirmed on the merits. So, that's the consequence of the COA not being granted on the merits. That's correct. And I think I mentioned that on the footnote that my mission here was to address the disqualification issues. Not the merits. Not the merits at all. And I think that Judge Hartman's taking me a little further along that line and saying, well, why didn't we grant a COA on the merits? If there were anything there we would have. I don't know if it was right or wrong. I'm just saying that you're asking us to send this back for a new judge We've already said, by virtue of denial of the COA, that no reasonable jurist would find that Miller's constitutional claims were erroneous. But yet, we're being asked to send it down to another judicial officer and you're hoping that he'll do precisely what we've said no reasonable jurist could do. And there's something in Congress about that. Because the one jurist who did act on it was, in our view, statutorily disqualified. And therefore, that should take us back. I'm willing to grant you that that may be the case. But I think under the standard of review you have a problem because you're asking for another bite of the apple that we've already said is destined to fail. That's my concern. I understand the court's point. However, to the extent that the COA, the decisions by this court on the COA, reflect an analysis of the opinion by the district court, that's where you're building in this cloud of opinion. I will change my phrase. If I may just address briefly one question. No, you're well beyond your time at this point, Ms. Giddens. Thank you very much. Both counsel go beyond the light of day. So we thank counsels very much for their hopeful arguments on what is an interesting case, and we'll take a break.